# Lack of Authority of the Office of the United States Trade Representative to Represent Private Industry in Proceedings Before the United States International Trade Commission

The Office of the United States Trade Representative lacks authority under the Trade Act of 1974 or its own organic statute to provide legal representation to a private domestic industry in administrative proceedings before the United States International Trade Commission.

September 24, 1998

LETTER OPINION FOR THE DEPUTY GENERAL COUNSEL
OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE

This letter responds to your request for our opinion regarding the authority of the Office of the United States Trade Representative ("USTR") to provide legal representation to a private domestic industry in an administrative investigation before the United States International Trade Commission ("ITC").[1] Specifically, you have asked whether USTR attorneys may serve as legal counsel to a domestic industry in the context of an investigation to determine whether that industry is eligible for relief under section 202 of the Trade Act of 1974, as amended, 19 U.S.C. § 2252. We conclude that USTR is not authorized by the pertinent statutes to provide such representation.

Pursuant to 19 U.S.C. §§ 2251–2254 (1994), the President has the authority to take certain actions, including raising tariffs and imposing quotas, to benefit a domestic industry where the ITC determines that imports are a substantial cause of serious injury to the industry. Before such presidential action may be taken, the ITC must conduct an investigation (known as a "section 201 investigation"), make a determination that imports constitute a substantial cause (or threat) of serious harm to the industry, and recommend the action that would address the injury. See id. § 2252(a), (b), (e). In addition, with respect to any such determination by the ITC, an interagency trade organization chaired by the United States Trade Representative is directed to recommend "what action the President should take" to grant relief to the industry. Id. § 2253(a)(1)(C).

The statutory scheme providing for section 201 investigations and relief from import competition does not explicitly or implicitly provide for legal representation of a private domestic industry by USTR. Indeed, the specific roles that are mandated for USTR in that scheme make it clear that Congress did not contemplate such representation by USTR attorneys.

Under 19 U.S.C. § 2252(a)(1), a petition for relief may be filed with the ITC by "an entity, including a trade association, firm, certified or recognized union, or group of workers, which is representative of an industry." The statute directs

---

[1] Letter for Randolph Moss, Acting Assistant Attorney General, Office of Legal Counsel, from Kenneth P Freiberg, Deputy General Counsel, Office of the United States Trade Representative (Sept 10, 1998)

236

that the ITC "shall promptly transmit copies of the petition to [USTR] and other Federal agencies directly concerned." *Id.* § 2252(a)(3). The petitioner may also submit to the ITC and USTR a plan to facilitate positive adjustment to import competition. *Id.* § 2252(a)(4). Before submitting such a plan, the petitioner and other entities representative of the industry may consult with USTR, or with any agency considered appropriate by USTR, to evaluate the adequacy of proposals in the plan. *Id.* § 2252(a)(5)(A). The statute directs USTR, upon receiving a request for such consultations, to "confer with the petitioner and provide such assistance, including publication of appropriate notice in the Federal Register, as may be practicable in obtaining other participants in the consultation." *Id.* § 2252(a)(5)(B). With respect to perishable agricultural and citrus products, petitioners may request USTR to make a provisional determination of injury due to imports, which triggers a request to the ITC for monitoring and investigation under a separate statute, 19 U.S.C. § 1332(g) (1994). *See id.* § 2252(d)(1).

The statutory scheme also mandates a specific role for the interagency trade organization established under 19 U.S.C. § 1872(a) (1994), the chairperson of which is the United States Trade Representative. Specifically, the statute provides that that organization shall, with respect to each determination of import injury by the ITC, "make a recommendation to the President as to what action the President should take." *Id.* § 2253(a)(1)(C). Among the factors that the President is to take into account in determining what action to take are various considerations involving the affected domestic industry, as well as considerations involving other industries, firms, and the U.S. economy generally. *See id.* § 2253(a)(2).

In short, the section 201 scheme gives USTR specific duties involving consultation with representatives of the affected industry and recommendations to the President as to what corrective action is appropriate. Because those statutory duties involve considerations beyond the interests of the industry, we believe that they are inconsistent with a role for USTR that would entail actual legal representation of the industry seeking relief. Moreover, neither this statute nor any other of which we are aware provides for dual roles for USTR that would include providing legal counsel for a private domestic industry in a section 201 proceeding.

Finally, nothing in USTR's organic statute, 19 U.S.C. § 2171 (1994), provides for this type of legal representation by USTR. Section 2171 sets forth the powers and duties of the United States Trade Representative—including developing, coordinating, and advising the President on international trade policy, conducting international trade negotiations, and issuing policy guidance to agencies on international trade—but does not include any power or duty that can be construed as a general authorization for providing the legal representation contemplated in your request.

For these reasons, we conclude that USTR is not authorized to have its attorneys serve as legal counsel to a private domestic industry in the context of a section 201 investigation.

RANDOLPH D. MOSS
*Acting Assistant Attorney General*
*Office of Legal Counsel*